## Way v. Young, Smyth, Field Company, Appellant.

*Contract—Breach—Conflicting evidence—Case for jury.*

Where a company organizes an expedition to sell by sample the goods of merchants in different parts of the world, and to receive a commission on such sales, and in its contract with particular merchants, it is provided that the merchant "agrees to advance" to the company one thousand dollars "against commissions," and one of the merchants brings a suit to recover the amount of such an advance, it is reversible error for the trial judge to give binding instructions for plaintiff, where the evidence for plaintiff that the expedition was entirely abandoned and the contract never performed is absolutely contradicted by defendant, and where the evidence of the defendant that the plaintiff had absolutely refused and neglected to furnish samples, although requested, is contradicted by the plaintiff. Such a case is for the jury.

Argued Oct. 5, 1917. Appeal, No. 203, Oct. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1916, No. 1965, on verdict for plaintiff in case of J. H. Way, trading as Way, Muffler Co., to the use of J. H. Way & Sons Co. v. Young, Smyth, Field Company, trading as Smythfield Export Company. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit to recover the amount of an advance. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

The jury under binding instructions returned a verdict for plaintiff for $1,180.66 on which judgment was entered. Defendant appealed.

*Errors assigned* were (1) binding instructions and (3-9) in refusing the following points separately assigned.

"1. [Where there is a written promise to pay in a suit thereon between the original parties, one may show a contemporaneous agreement that the promisee would look to a special fund for the payment.]

"2. [It is competent for the parties to contract for the payment of an obligation out of a particular fund, and if such fund does not exist, there is no obligation to pay.]

"3. [If you believe that the defendant in good faith, took such samples as were furnished by the plaintiff, and showed them to merchants on a trip around the world, your verdict should be for the defendant.]

"4. [The defendant was under no obligation to sell goods for the plaintiff, but only to take samples for the plaintiff and show them at all points visited by the defendant in its export trip.]

"5. [Defendant was under no obligation to go to any particular countries, but only to make an extended trip for the purpose of advertising and introducing merchandise in various parts of the world.]

"6. [If you find that the plaintiff refused to deliver samples to the defendant, when requested so to do, the defendant is excused from the further performance of the contract in all countries for which the samples were requested.]

"7. [Under all the evidence, your verdict should be for the defendant."]

*G. Albert Smyth,* for appellant, cited: Keller v. Cohen, 224 Pa. 434; Alexander v. Righter, 240 Pa. 22.

*Edgar J. Pershing,* with him *D. Arthur Magaziner,* for appellee.

OPINION BY HEAD, J., March 2, 1918:

The plaintiff's action rests on a contract in writing. To the statement filed, an affidavit of defense replied raising some questions of fact to which we shall later advert. In pursuance of a clause of the contract which we shall quote, the plaintiff had paid or advanced to the defendant the sum of $1,000. It was to recover the major portion of the sum so advanced that this suit was brought. At the conclusion of the trial, the learned judge below directed a verdict in favor of the plaintiff. The court in banc, without filing any opinion, entered judgment on this verdict and the defendant appeals.

The contract was somewhat unusual both in its scope and terms. The defendant had organized an expedition to go around the world, or at least into many countries, with the idea of exploiting and advertising the goods and wares of the plaintiff and other merchants and manufacturers, who afterwards became interested. The idea appears to have been that these merchants were to provide samples of the goods they produced, which were to be handled by expert agents of the defendant in the various countries to which the expedition was to go. The merchants undertook to supply these samples and agreed to fill any orders from solvent buyers that would be sent home by the agents of the defendant.

The particular clauses of the contract which involved a preliminary payment by this plaintiff, were as follows: "That (the plaintiff) will pay to the party of the second part a commission of 10% for selling on acceptable sales; 2% for expenses made by the party of the second part, its agent, etc." no matter whether such orders are received through the party of the second part, from commission merchants in Europe or America, etc......The party of the first part (plaintiff) agrees to advance to the party of the second part One Thousand Dollars ($1,000),

to be applied against the commissions of the party of the second part when earned."

We agree with the learned trial judge that the language just quoted furnishes no warrant for the conclusion that the sum mentioned was either a donation by the plaintiff or a voluntary contribution to the expenses of the trip without regard to the commissions earned by the defendant on orders for the goods of the plaintiff, because the gathering of such orders must have been the primary purpose of the plaintiff in entering into the contract and advancing the sum of $1,000. Were there nothing else in the case, the direction given by the learned trial judge would have been correct. The defendant could not successfully insist upon retention of the sum named unless it had performed its obligations. The plaintiff alleges the defendant never performed its contract and that the whole expedition was abandoned long before it had accomplished what it undertook to do. This is strenuously denied by the defendant, not only in the affidavit of defense, but also in the testimony adduced on the trial. Whether or not the expedition really broke down and was abandoned appears to us under the evidence to have been a question of fact for the jury. It could not be determined as a question of law by the trial judge.

The plaintiff had undertaken by the terms of the contract "to deliver to the party of the second part, its agent, etc., as many sets of samples as may be required for the purpose of making sales by the party of the second part, etc." The allegation of the defendant is that before the close of the year, during which the contract was to be binding, and before the date of the cancellation of the contract by the plaintiff, it had requested that samples be sent to be handled in other countries than those which the expedition had theretofore visited. It was averred that such requests had been constantly denied, and this averment was supported by the proof of the defendant. Here again, an important and material question of fact

was raised, both by the pleadings and the evidence, and again we feel obliged to say we cannot perceive how the learned trial judge could have disposed of this question as a matter of law.   It was the duty of the plaintiff to, in good faith, perform its own contract and give to the defendant every reasonable chance, within the terms of that contract, to increase its sales of the plaintiff's goods and thereby enhance the commissions it was to receive.

Under this view of the case as presented by the record, we are of opinion the judgment must be reversed and the case go back to the court below to the end that the questions of fact we have indicated may be tried out before a jury.

Judgment reversed and a venire facias de novo awarded.